UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN COATS AND<br>VALLERIE COATS | CIVIL ACTION |
| VERSUS | NO. 06-7975 |
| TONI REBOUL AND<br>ALLSTATE INSURANCE<br>COMPANY | SECTION: "C" |

**ORDER**

This matter comes before the Court on a motion to remand filed by the plaintiffs (Rec. Doc. 6). Based on the record and the law, the Court has determined that remand is not appropriate for the following reasons.

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. *See,* 28 U.S.C. § 1441 (2006). In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists. *See, De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). To do so, the removing party must show that federal jurisdiction appears on the face of the complaint. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Here, Allstate Insurance Company ("Allstate") alleges four alternatives for federal jurisdiction, namely, 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331, 1337 and 1442.

Congress established the National Flood Insurance Program ("NFIP") by enacting the

National Flood Insurance Act of 1968 ("Act"), 42 U.S.C. § 4001, *et. seq*.  Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA"), can use private insurance companies, i.e. Write-Your-Own ("WYO") companies, to aid in the administration of the program.  The public can purchase insurance policies either directly from FEMA or from the WYO companies.  42 U.S.C. § 4071-72 (2006).  Section 4072 also provides that the federal court has original and exclusive jurisdiction for claims arising under the NFIP.  It is clear that the Federal District Courts have exclusive subject matter jurisdiction in cases arising out of claims under insurance policies issued pursuant to the NFIP. *Powers v. Autin-Gettys-Cohen Ins. Agency, Inc., et. al.*, 2000 WL 1593401, *2 (E.D.La. 2000); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497, *2 (E.D.La. 2004).

Here, the plaintiffs are is suing Allstate and their insurance agent Toni Reboul ("Reboul").  Allstate is an WYO company, which issued a flood insurance policy to the plaintiffs. The plaintiffs allege that Allstate was negligent in failing to provide them with notice of the cancellation of their flood insurance policy for failure to pay the premium.  Thus, their claims against Allstate, at least in part, arise out of Allstate's alleged federal duty under a NFIP insurance policy.  Accordingly, the federal court has original jurisdiction under 42 U.S.C. § 4072.

Furthermore, this Court has jurisdiction under 28 U.S.C. § 1331.  The plaintiffs allege that Allstate did not inform them of the renewal period for their flood insurance policy and did not timely process the payment of their flood insurance premium.  These claims concern the administration of a NFIP insurance policy.  Determining the proper administration of a NFIP insurance policy requires the application of federal law, i.e. it is a federal question.  This Court

has an interest in upholding a nationally uniform policy concerning the administration of NFIP insurance policies.

To defeat removal, the plaintiffs also argue that the removal procedure was defective. According to the plaintiffs, this case must be remanded because Reboul did not timely consent to removal. The plaintiffs' claims against Reboul are grounded in state law. However, Allstate was sued, in part, under a NFIP, which is governed by federal law. These are separate and independent claims that are removable under 28 U.S.C. § 1331(c). When separate and independent federal questions are raised, the consent of all defendants is not required. See, *Henry v. Independent American Savings Assoc.*, 857 F.2d 995, 999 (5th Cir. 1998) (citing *Bernstein v. Lind-Waldock &Co.,* 738 F.2d 179, 183 (7th Cir. 1984). Thus, Allstate did not need Reboul's consent for removal.

Furthermore, this Court has jurisdiction over the plaintiffs' state law causes of action against all defendants, because all claims in this suit arise from the administration of the insurance policies after Hurricane Katrina. As a result, they are all part of the "same case or controversy." 28 U.S.C. § 1367 (2006).

Finally, because Allstate properly removed this case on the bases of original jurisdiction and federal question jurisdiction, there is no need to consider Allstate's jurisdictional claims under 28 U.S.C. §§ 1337 and 1442.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the plaintiffs' motion to remand is **DENIED**.

New Orleans, Louisiana this 3rd day of January, 2007.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE