UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAREN COATS AND**<br>**VALLERIE COATS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7975** |
| **TONI REBOUL AND**<br>**ALLSTATE INSURANCE**<br>**COMPANY** | **SECTION: "C"** |

## ORDER

This matter comes before the Court on a Motion to Reconsider filed by the plaintiffs (Rec. Doc. 11). The plaintiffs seek reconsideration of this Court's order which denied their Motion to Remand (Rec. Doc. 10). The defendants oppose the motion to reconsider. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the Motion to Reconsider is **DENIED**.

The Federal Rules of Civil Procedure do not recognize a "Motion to Reconsider" in those exact terms. See *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling. See *id.* The order denying remand was signed on January 4, 2007 and the plaintiffs filed this motion for reconsideration on January 11, 2007, so it appears that plaintiffs' motion in this case was served less than ten days after the Court rendered its Judgment.

Therefore, Rule 59(e) governs plaintiffs' Motion for a New Trial and/or Reconsideration. In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La.1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir.2000), this Court ruled that alteration or amendment of a previous ruling under Federal Rule of Civil Procedure 59(e) is proper only upon movant's showing of: "(1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law." *Id.* at 311.

The plaintiffs have not alleged that there was an intervening change in controlling law or any new evidence. They argue that the court has made an error of law by refusing to remand the case. The plaintiffs argue that the Court erred in finding that they stated claims against the defendants that arise under the a National Flood Insurance Program ("NFIP") policy. They argue that their claims against the defendants are state law tort claims. Thus, the plaintiffs assert that this Court lacks jurisdiction over their case and thus remand is appropriate.

The Court does not agree with this assessment of the case. In their petition, the plaintiffs allege that defendant, Allstate Insurance Company ("Allstate"), was negligent in failing to provide them with notice of the cancellation of their NFIP policy for failure to pay the premium. Furthermore, in their motion for reconsideration, the plaintiffs again state that their claims against the defendants arise out of the defendants' alleged errors and omissions arising form the cancellation and non-renewal of their flood policy. "Cancellation" and "non-renewal" imply that there was a flood policy in place. Thus, as the Court stated in its denial of the plaintiffs' Motion to Remand, the plaintiffs' claims against Allstate, at least in part, arise out of Allstate's alleged federal duty under a NFIP insurance policy. Accordingly, the federal court has original jurisdiction under 42 U.S.C. § 4072.

Accordingly,

IT IS ORDERED that the plaintiffs' Motion for Remand is **DENIED**.

New Orleans, Louisiana this 5th day of February, 2007.

                                                  HELEN G. BERRIGAN
                                                  UNITED STATES DISTRICT JUDGE