# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAREN COATS AND VALLERIE COATS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7975** |
| **TONI REBOUL AND ALLSTATE INSURANCE COMPANY** | **SECTION: "C" (1)** |

### ORDER AND REASONS

This matter comes before the Court on a motion for summary judgment filed by one of the defendants, Toni Reboul ("Reboul") (Rec.Doc. 32). The plaintiffs, Karen Coats and Vallerie Coats ("Plaintiffs"), have not filed any opposition to the motion. The motion is before the Court on the briefs, without oral argument. Having considered the record, the memorandum and the law, the Court has determined that summary judgment is appropriate for the following reasons.

## I. BACKGROUND

The Plaintiffs owned property located at 3126 Delachaise Street in New Orleans, Louisiana. At one time, the Plaintiffs obtained a Standard Flood Insurance Policy ("SFIP") through Allstate Insurance Company ("Allstate") for their property. Additionally, the Plaintiffs purchased a homeowners insurance policy from Allstate. Reboul was the insurance agent that

1

procured the policies for the Plaintiffs.

In her motion, Reboul notes that the Plaintiffs did not pay the premiums on their homeowner's policy in July or August 2005, such that Allstate deemed the homeowner's policy as lapsed from August 15, 2005 to September 15, 2005. Additionally, Allstate concluded that the Plaintiffs' flood insurance renewal payment was untimely, pursuant to the federal regulations regarding SFIP's. On that basis, Allstate determined that the Plaintiffs did not have flood insurance coverage at the time Hurricane Katrina struck New Orleans.

The Plaintiffs' property was damaged on or about August 29, 2005 as a result of Hurricane Katrina. The Plaintiffs attempted to submit claims to Allstate for losses under both policies; Allstate advised the Plaintiffs that both policies had been cancelled for non-payment of premiums. Subsequently, the Plaintiffs filed suit claiming that Allstate and Reboul are liable for: (1) failing to properly and timely process their flood and homeowner's insurance payments; (2) failing to provide them with a notice of cancellation for nonpayment of premiums under Louisiana law;(3) failing to advise them of the consequences of untimely renewal payments. To support their claims, the Plaintiffs assert that payment was made with respect to the flood insurance policy on July 22, 2005, but that the payment was not processed by Allstate until August 9, 2005. Furthermore, the Plaintiffs claim that their homeowner's policy payments were timely, and that they did not receive any notice of cancellation as required by Louisiana law.

Reboul now moves for summary judgment. Regarding the flood insurance policy, Reboul asserts that the Plaintiffs submitted their July 22, 2005 payment directly to Allstate. On that basis, Reboul argues that she cannot be held liable for failing to timely process the payment. Second, Reboul notes that Allstate mailed a final expiration notice to the Plaintiffs, at their

correct address, stating that the flood insurance policy would expire on July 1, 2005. Reboul

relies on *Zinsel Co., Inc. v. J. Everett Eaves, Inc.,* 749 So.2d 798 (La.App. 5 Cir. 1999) for the

proposition that when an insurance company sends notices directly to an insured, the insurance

agent does not also owe the insured a duty notification. Additionally, Reboul asserts that SFIP

holders are charged with the constructive knowledge of the federal regulations detailing SFIPs.

On that basis, Reboul argues that the Plaintiffs had constructive knowledge of the policy's lapse

on July 1, 2005 because of the regulations contained in 44 C.F.R. Pt. 61, App. A(1). Indeed,

Reboul cites *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 (1947) for the proposition that all

persons are charged with knowledge of the terms of SFIPs. Moreover, Reboul relies on *Dobson*

*v. Allstate Ins. Co.*, 2006 WL 2078423 (E.D.La. 2006) to argue that the Plaintiffs have a duty

under Louisiana law to know the terms of their homeowner's policy. Next, Reboul argues that

she had no duty to inform the Plaintiffs that an untimely payment would delay the renewal date

of the flood insurance policy by thirty days.

 Finally, Reboul asserts that she did not breach any duties owed to the Plaintiffs with

respect to the homeowner's policy because she did not negligently procure the coverage

requested, nor did she owe a duty to inform the Plaintiffs about the termination dates for their

policies. Indeed, Reboul asserts that she contacted the Plaintiffs by telephone on July 18, 20, and

22, as well as, August 10 and 18, 2005 to remind them that the policies would lapse, but that she

was not required to make the telephone calls because Allstate had already notified the Plaintiffs

of their cancellation dates.

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir.2001). When considering a motion for summary judgment, this Court will review the facts drawing all inferences most favorable to the non-moving party. *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" or "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Lujan v. Nat'l. Wildlife Fed'n*., 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).


III. ANALYSIS

*1. Processing of Insurance Payments*

First, the facts regarding the Plaintiffs' payments to Allstate are undisputed: (1) the

Plaintiffs submitted their July 22, 2005 flood insurance premium directly to Allstate; and (2) the Plaintiffs remitted a double homeowner's premium directly to Allstate in September 2005. Thus, there are no grounds to support Plaintiffs' claims against Reboul for failing to timely or properly process the insurance payments. In the absence of adverse facts regarding Reboul's involvement with the remitted premiums, her motion for summary judgment must be granted on this ground. A reasonable jury could not conclude that Reboul was liable for improperly handling the premiums because the Plaintiffs sent the payments directly to Allstate. Thus, Reboul played no role in processing the payments.

### 2. Duty to Notify of Cancellation or Lapse

Louisiana law generally requires that written notice of the cancellation of an insurance policy must given to insureds. LA. STAT. ANN. § 22:636. Yet, there is also a rule that no notice is required when a policy expires in accordance with its terms. *Id.*; *See also, Baker v. Central Mut. Ins. Co.*, 828 So.2d 144, 147 (La.App. 2 Cir. 2002). Furthermore, a Louisiana insured has a duty to read her insurance policy and know its provisions. *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 2 Cir.1995) (citing *Matthews v. Business Men's Assur. Co. of America*, 478 So.2d 634, 637 (La.App. 2 Cir.1985); *Perkins v. Shelter Ins. Co.*, 540 So.2d 488 (La.App. 1 Cir.1989)). Louisiana law states,

> Cancellation by the insurer of any policy which by its terms is cancelable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
>
> (1)(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than thirty days prior to the effective date of the cancellation **except when termination of coverage is for nonpayment of premium**.

5

L&#65056;. S&#65056;&#65056;&#65056;. A&#65056;&#65056;. § 22:636 (emphasis added).

In this case, there is no dispute that the insurance coverage was terminated because the Plaintiffs submitted their premiums after the initial renewal payments were due. Thus, there is no genuine issue of material fact regarding Reboul's duty to provide a notice of cancellation to the Plaintiffs. Stated another way, Reboul did not have a duty to notify the Plaintiffs that their insurance would terminate under Louisiana law because the polices terminated due to nonpayment of premiums. Accordingly, a reasonable jury could not return a verdict for the Plaintiffs that Reboul failed to adequately advise them regarding the policy's cancellation date.

Finally, "all citizens are charged with the knowledge of the law regarding federal insurance programs." *Larmann v. State Farm Ins. Co.*, 2005 WL 357191 (E.D.La. 2005) (citing *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947)). "Consequently, the insured is charged with the constructive knowledge of the provisions of the SFIP regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence." *Id.* (citing *Richmond Printing, L.L.C. v. Director, FEMA*, 72 Fed. Appx. 92, 2003 WL 21697457 (5 Cir. 2003)). Thus, the Plaintiffs were responsible for knowing that an untimely remittance of a flood insurance premium would result in a 30 day lapse in coverage under 44 C.F.R. § 61.11(c) in this case.[1] Accordingly, a reasonable jury could not find that Reboul failed to advise the

---

[1] Section 61.11(c) states:

> Except as provided by paragraphs (a) and (b) of this section, the effective date and time of any new policy or added coverage or increase in the amount of coverage shall be 12:01 a.m. (local time) on the 30th calendar day after the application date and the presentment of payment of premium; for example, a flood insurance policy applied for with the payment of the premium on May 1 will become effective at 12:01 a.m. on May 31.

Note: paragraphs (a) and (b) are inapplicable to this case.

6

Plaintiffs that coverage would not take effect for thirty days beyond the date of the untimely payment. And, even if there was a duty to contact the insureds under federal law regarding the 30 day lapse, Reboul made reasonable efforts to contact the Plaintiffs regarding the unpaid premiums for their policies.[2]

IV. CONCLUSION

Accordingly,

IT IS ORDERED, that the motion for summary judgment is **GRANTED** (Rec. Doc. 32).

New Orleans, Louisiana, this 7th day of January, 2008.

HELEN G. BERRIGAN

UNITED STATES DISTRICT JUDGE

---

[2] Reboul's assertion that she left five (5) telephone messages for the Plaintiffs in July and August 2005 to remind them to submit their payments is not controverted.